JOE T. BEHNE v. STATE.

No. A-8645. April 6, 1934.
(31 Pac. [2d] 621.)

Clifford Ferguson and Hughes & Dickson, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Joe T. Behne, plaintiff in error, was convicted in the district court of Texas county of the crime of forgery in the second degree, and, the jury failing to agree upon the punishment, the court fixed the same at imprisonment in the state reformatory at Granite for a period of two years.

It is first contended the trial court erred in overruling defendant's motion for an instructed verdict because the evidence of the state was insufficient to take the case to the jury.

The evidence of the state was that the forging and passing of the check in question was the result of a conspiracy entered into between Cecil McMillin, an eighteen year old boy, and this defendant, who was a married man, twenty-eight years of age; that McMillin came to defendant's home and stayed several days in the absence of defendant's wife and children; and that while there the scheme to procure a blank check and forge and pass the same was suggested by defendant and planned by him and McMillin.

Under this assignment defendant's principal contention is that since McMillin is an accomplice, his testimony was not sufficiently corroborated.

McMillin is corroborated first by the testimony of Temple McQuirt, who was manager of the Oklahoma Wheat Pool Elevator located at Hough, Okla., from which place the blank check or draft which was forged and passed by defendant in connection with McMillin was taken. McQuirt testified defendant had transacted business there with the elevator and had been given checks of

this kind and knew where the checks were kept, but that McMillin had never been there except on the day in question, when he came with defendant, and that it was after the discovery of the forgery that the blank check was missed. McMillan testified that while he and defendant were on the way to the elevator that day, defendant told him where he could find the blank check and persuaded him to get it; that defendant had McQuirt accompany him to the elevator, some 75 yards distant from the office where the checks were kept, to help him unload his wheat, leaving McMillin in the office; and that while they were unloading the wheat he obtained the blank check.

McMillin is also corroborated by the testimony of Dewey Costner, a confessed bootlegger, who at the time of defendant's trial had an appeal, pending in this court from a conviction for selling the liquor purchased with the proceeds of this forged check to McMillin, a minor, which case was later affirmed by this court. Costner testified defendant brought McMillin, in defendant's car, to his place to purchase some liquor, introducing him as Mr. Joe Henson, a brother of H. H. Henson, to whom the forged check was made payable and by whom it was purported to have been indorsed, telling Costner that Henson was a middle aged man; that this check was tendered to Costner in the purchase of the whisky, and when he refused to take it he was urged by defendant on the statement that it was all right. That later defendant and McMillin returned to his place of business and defendant paid him $15 in cash for a keg of whisky.

McMillin had testified that he succeeded in cashing this check at a filling station and had received more than $15 in cash, which he turned over to defendant; that they then returned to Costner's place and procured the whisky.

It is not essential that the corroborating evidence shall cover every material point testified to by the accomplice, or be sufficient alone to warrant a verdict of guilty. If the accomplice is corroborated as to some material fact or facts by independent evidence tending to connect the defendant with the commission of the crime, the jury may from that infer that he speaks the truth as to all. Such corroborating evidence, however, must show more than the mere commission of the offense or the circumstances thereof.

McMillin is corroborated by McQuirt as to when and how he obtained the blank check upon which the forgery was committed, and is corroborated by Costner as to the uttering of the same and the disposition of the proceeds, which was sufficient corroboration of McMillin to take the case to the jury and to support its verdict.

It is next contended the court erred in submitting the case to the jury upon the theory that defendant directly forged and passed the check, rather than aided and abetted.

Under this assignment defendant directs our attention to instruction No. 8, which if standing alone might support the contention. But when considered with No. 2, No. 2-A, and No. 3, wherein the court defined an accomplice, it is apparent these instructions were sufficient to present this question of law to the jury.

It is next contended the trial court erred in refusing to permit defendant in rebuttal to prove his good reputation in the community in which he lived for truth and veracity, after his reputation for truth and veracity had been brought into question by the state.

There might be some merit in this contention if it were not for the fact that the court later permitted the evidence complained of to go to the jury.

In sustaining the state's objection to the introduction of this evidence, the court held that it was not proper at that time, but should have been introduced in chief; later permitting defendant to reopen his case and introduce the evidence.

The ruling of the court in rejecting the evidence in the first instance was wrong; but the error, if any, was cured by its later admission, although the court gave an erroneous reason for its admission.

The only question before this court is: Did the ruling of the trial court in the light of the record deprive defendant of any substantial right, to his prejudice? This evidence all having gone to the jury, defendant was not injured by reason of the fact that the court gave an erroneous reason for its admission.

No substantial error appearing, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.